**Nemiah NOBLE, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 69–H–693.**

United States District Court,
S. D. Texas,
Houston Division.

April 2, 1971.

H. R. DeMoss, Jr., Houston, Tex., for petitioner.

Charles R. Parrett, Asst. Atty. Gen., Austin, Tex., for respondent.

*Memorandum and Order:*

SINGLETON, District Judge.

After exhausting his available state remedies as 28 U.S.C. § 2254 mandates, the above-named petitioner sought federal habeas corpus relief. For reasons more fully stated below, the application for habeas corpus will be denied; it is so ORDERED.

■■ Petitioner's contention that he was denied effective assistance of counsel at trial fails to pass muster under the standard announced in Brown v. Beto, 377 F.2d 950 (5th Cir. 1967) and amplified in King v. Beto, 429 F.2d 221 (5th Cir. 1970) and Chalk v. Beto, 429 F.2d 225 (5th Cir. 1970). Before a criminal defendant can be held to have had ineffective assistance of counsel, the trial must be a sham, farce, and mockery of justice. That finding cannot be made on this record. Petitioner's court-appointed trial attorney was experienced in the trial of criminal cases. He interviewed the petitioner several times over the course of his representation of petitioner. He advised petitioner not to testify, though petitioner disregarded this advice. He filed a motion for a new trial, which was denied. In short, counsel made reasonable efforts to provide petitioner with adequate representation against a tide of overwhelming evidence indicative of petitioner's guilt. It is also significant that petitioner never indicated his displeasure over the quality of the representation with his attorney.

■ Petitioner's contention that he was denied the right to appeal also cannot be accepted. This right is one that he knowingly and voluntarily waived. Instead of communicating a desire to appeal to some responsible public official as required by Pate v. Holman, 341 F.2d 764 (5th Cir. 1965), petitioner, after discussing the matter of an appeal with his attorney, signed a document affirmatively relinquishing his right to appeal.

■ Petitioner's contention that he was tried in jail-house clothing has been adequately discussed in Hernandez v. Beto, C.A. 67–H–922 (S.D.Tex.1970). Trial in the clothing provided by an institution of confinement, while inherently unfair, is not a valid basis for granting habeas corpus where there was no objection made by the accused or his attorney and where the evidence of guilt presented at the trial of the accused is so strong that the error thus committed is harmless. *Cf.* Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This is true with respect to the instant case.

■ Petitioner also contends that the state was permitted to introduce evidence of petitioner's prior convictions before they passed upon the issue of his guilt. This is unsubstantiated by the record, though it appears that the jury was made aware of petitioner's earlier convictions in their decision of what petitioner's sentence should be. But even if such evidence had been admitted as material to the question of guilt, petitioner's assertion that this denies him due process is of doubtful constitutional

merit. *See* Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

Petitioner's other points are summarily overruled: